# Richmond.

## KELLY v. KELLY.

### January 13, 1916.

### Absent, Cardwell, J.

1. CONSTITUTIONAL LAW—*Full Faith and Credit—Meaning of Phrase.*—The well settled meaning of the full faith and credit clause of the Constitution of the United States (art. IV, sec. 1) is that the courts of one State must accord to the judgment of another State the same effect which it has in the State where rendered. If a judgment is conclusive in the State where it was pronounced, it is equally conclusive on the courts of other States of the United States.

2. DIVORCE—*Desertion—Effect of Decree of Another State—Waiver—Constitutional Law—Subsequent Desertion.*—A decree of a court of competent jurisdiction, upon the wife's petition for separate maintenance, adjudging that she is living apart from her husband for justifiable cause, is, while it remains in force, a bar to proceedings by the husband for divorce on the ground of her desertion not only in the State in which it is rendered, but in all the other States of the Union, and the benefit of such decree, when relied upon, is not waived by the fact that the wife also defended on the merits a subsequent suit by the husband for divorce on the ground of desertion. Where the alleged desertion rests upon the original separation, the decree is necessarily conclusive until reversed. In the case in judgment, there is no adequate evidence of a subsequent desertion.

Appeal from a decree of the Circuit Court of Alexandria county. Decree for the complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*R. Gordon Finney* and *John H. Hopwood,* for the appellant.

*Daniel T. Wright* and *T. Morris Wampler,* for the appellee.

KELLY, J., delivered the opinion of the court.

On the 25th of February, 1900, Joseph A. Kelly inter-married with Mary Ann Kelly. The parties were residents of Charlestown district, Boston, Massachusetts, and this was the matrimonial domicile during all of the time they lived together as man and wife.

In the year 1902 Mary Ann Kelly left her husband's home and filed in the Probate Court for the city of Suffolk, in said State (that court being one of competent jurisdiction both as to the subject matter and the parties), her petition alleging that her said husband, Joseph A. Kelly, had failed to support her, had several times cruelly beaten her, and had frequently visited upon her various forms of cruelty specified in the petition, and prayed for an order to prohibit him from interfering with her personal liberty and to require him to provide for her support. Due process to answer the petition was served on Joseph A. Kelly, and on December 1, 1902, the court aforesaid entered an order, reciting that Mary Ann Kelly was living apart from her husband for justifiable cause, enjoining him from imposing any restraint upon her personal liberty, and requiring him to pay the sum of thirty-five dollars per month for her separate maintenance and support until the further order of the court. From that time until sometime in the year 1913 Joseph A. Kelly complied with the order of the court and kept up the payments therein directed. This order was intact and in force when the present suit was instituted.

It appears that sometime in the year 1910 the said Joseph A. Kelly, complainant below and appellee here, came to Virginia and in 1911 took up his residence in Alexandria county, where he has since remained. In January, 1913, he wrote his wife a letter, advising her of his change of location, telling her that his health was bad and that he would not be able to longer pay for her support unless she would come and live with him in Alexandria county. So far as the record shows or indicates,

this was the first word she had received as to his removal to Virginia, and the first communication he had sent her since the decree was entered in 1902 by the Massachusetts court. The letter in question was brief and formal and contained no message of affection. Mrs. Kelly did not reply. In April, 1913, Joseph A. Kelly instituted the present suit in the Circuit Court of Alexandria county, praying for a divorce *a vinculo matrimonii* on the ground of desertion. The defendant, appellant here, who still resides in Boston, was proceeded against by order of publication. She filed. her answer, denying all the allegations of the bill and setting up the above order of the Massachusetts court. After the bill and answer were filed and pending the taking of his depositions, the appellee sent another letter to his wife, which was written in the office of his counsel and with his counsel's assistance, inviting her to come to his home and renew marital relations. This letter, upon its face, and but for circumstances to the contrary, would appear to be a sincere attempt at reconciliation. Numerous depositions were taken by the complainant; none by the defendant, except her own affidavit that her husband had often beaten her cruelly, frequently threatened to kill her, and that she was afraid to return to him.

Two decrees of the circuit court are before us now for review, one thereof awarding Joseph A. Kelly a divorce *a mensa et thoro,* and the other, entered a few days later, awarding an injunction against the appellant and her counsel restraining them from proceeding in the courts of Massachusetts or elsewhere to collect the amounts decreed her by the probate court.

There are several assignments of error, but, in our view of the case, it will only be necessary to consider that one which claims that the court erred in refusing to give full faith and credit to the order of the Massachusetts court. There is a contention that the order in question was not properly pleaded and not properly proved, but we think the contention is without merit. The order is distinctly set up in the answer, and the

record from the probate court, duly certified, was identified
and filed with the deposition of the complainant. It is also con-
tended that the appellant waived the estoppel of the Massachu-
setts decree by pleading to the merits in the present case. The
authorities hereinafter referred to will show that position also
to be untenable. Upon the merits of the assignment, there
would seem to be no room to doubt that it is well founded.

"Full faith and credit shall be given in each State to the
public acts, records and judicial proceedings of every other
State." U. S. Const., art. IV, sec. 1.

The well settled meaning of this provision of the Constitu-
tion is that the courts of one State must accord to the judgment
of another State the same effect which it has in the State where
rendered. If a judgment is conclusive in the State where it
was pronounced, it is equally conclusive everywhere in the
courts of the United States. *Mills* v. *Duryee*, 7 Cranch. 481,
3 L. Ed. 411; *Crapo* v. *Kelly*, 16 Wall. 637, 21 L. Ed. 440;
*Haddock* v. *Haddock*, 201 U. S. 567, 26 Sup. Ct. 525, 50 L.
Ed. 868, 5 Ann. Cas. 1; *Thompson* v. *Thompson*, 226 U. S.
551, 33 Sup. Ct. 129, 57 L. Ed. 347; U. S. Rev. Stat., sec.
905 (U. S. Comp. St. 1913, sec. 1519).

The courts in Massachusetts have settled the effect to be
given in that State to decrees and orders of the character here
under discussion. They have determined that a decree of a
probate court, upon the wife's petition for separate mainte-
nance, adjudging that she is living apart from her husband for
justifiable cause, is, while it remains in force, a bar to proceed-
ings for a divorce on the ground of her desertion. *Miller* v.
*Miller*, 150 Mass. 111, 22 N. E. 765; *Watts* v. *Watts*, 160
Mass. 464, 36 N. E. 479, 23 L. R. A. 187, 39 Am. St. Rep. 509.

The Massachusetts decisions above cited are reviewed by
Mr. Justice, now Chief Justice, White in the case of *Harding*
v. *Harding*, 198 U. S. 317, 25 Sup. Ct. 679, 49 L. Ed. 1066.
That case is so nearly like this and the opinion therein so full
and satisfactory, that we may very safely adopt the conclusions

there reached as a correct basis for the disposition of this appeal. In that case, the wife was living apart from her husband, both being citizens of Illinois. She sued for separate maintenance on the ground of cruelty and adultery. There was a decree in her favor. Subsequently her husband moved to California and commenced a suit for divorce on the ground of desertion. She pleaded the Illinois decree, but the court in California declined to recognize it, holding, among other things, that the issues were not the same. She then made defense on the merits and there was a decree for the husband, which was affirmed by the Supreme Court of California. The wife appealed to the Supreme Court of the United States, and that court reversed the decree, deciding that she did not waive her right to rely upon the Illinois decree by defending on the merits, that the issues in the two cases were the same, and that the California court had failed to give due faith and credit to the Illinois decree. In the course of the elaborate opinion in that case, Mr. Justice White said that the decree "necessarily conclusively settled that the separation was for cause and was without fault on the part of the wife, and therefore was not a willful desertion of the husband by the wife, which is the precise issue in the divorce case now here . . . From these conclusions it necessarily follows that the issue presented in this action for divorce was identical with that decided in the suit in Illinois for separate maintenance. This being the case, it follows that the Supreme Court of California, in affirming the judgment of divorce, failed to give to the decree of the Illinois court the due faith and credit to which it was entitled, and thereby violated the Constitution of the United States."

We do not think the case at bar can be distinguished in principle from this case of *Harding* v. *Harding*. In both cases the alleged desertion by the wife rested upon the original separation, which the Illinois court, in the one case, and the Massachusetts court, in the other, had held to be justifiable. It is true that in the instant case the two letters from Joseph Kelly

to his wife were relied upon to convert the original separation into a desertion, but we think the bare recital of the letters and their contents, together with the circumstances under which they were written, sufficiently disposes of them. All the other evidence in the case, so far as it bears at all upon the separation and alleged desertion, relates back to a time prior to the Massachusetts decree, and cannot be given any consideration without denying to that decree the faith and credit to which it is entitled.

For these reasons we are of opinion that the decrees complained of must be reversed, and this court will enter a decree dismissing the bill, with costs to the appellant.

*Reversed.*