ELLA M. PARMELEE vs. GEORGE S. HUTCHINS, executor.

Suffolk.    March 10, 1921. — May 28, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Widow,* Allowance.    *Marriage and Divorce.    Estoppel.*

A married woman, while living apart from her husband for a cause which had been adjudged by a Probate Court of this Commonwealth to be justifiable, learned that her husband, who had gone to the State of Illinois without the purpose of obtaining a divorce there, without service of any process having been made upon her had procured a divorce there which was valid by the laws of that State until impeached and revoked by its courts but which was not binding upon courts of other States.    Thereafter the woman refrained from applying to the Illinois court for a review and annulment of the proceedings there and, considering herself " free," married another man who afterwards left her.    Subsequently the first husband died and the woman sought a widow's allowance in the Probate Court of this Commonwealth where his estate was in the course of administration.    *Held,* that the woman was estopped by her second marriage, entered into by her with knowledge of the facts and circumstances attending the divorce procured by her first husband, from denying the validity of that divorce and from procuring an allowance as her first husband's widow.

PETITION, filed in the Probate Court for the County of Suffolk on September 4, 1920, for an allowance to the petitioner as the widow of George L. Parmelee, late of Boston.

In the Probate Court the petition was heard by *Grant,* J., a commissioner having been appointed to take the evidence.    Material facts, found by the judge in a report made at the petitioner's request, are described in the opinion.    By order of the judge, the petition was dismissed and the petitioner appealed.

*A. Robinson,* for the petitioner.

*C. F. Smith,* for the respondent.

PIERCE, J.    This is a petition for a widow's allowance, filed in the Probate Court for the County of Suffolk.    The petition was ordered dismissed, and the case is before this court on appeal by the petitioner.    In the Probate Court a commissioner was appointed to take evidence; and upon the request of the appellant the probate judge filed his report of material facts found by him thereon, as required by St. 1919, c. 274, § 3.    The evidence is not reported.

It appears from the reported facts that the petitioner and the testator were married in Boston in 1879; that they lived together as husband and wife in Boston from the date of their marriage until 1888, when they separated; that in September, 1888, the wife, then living in New York, filed in the Probate Court for the County of Suffolk a petition for separate maintenance, alleging failure to support and desertion; that the husband appeared and was represented by counsel; that after a hearing a decree was entered on October 29, 1888, reciting that the petitioner was living apart from her husband for justifiable cause and ordering the respondent to pay her $10 forthwith and $6 weekly thereafter until further order of court. The testator complied with this order until sometime in 1890; thereafter he made no payments, although the decree remained intact and was binding at his death. Nor did the petitioner take any proceedings to enforce the order after the payments were discontinued in 1890.

The testator in the summer of 1889 went to Dakota on business for his father; he then went to Illinois, without the purpose of obtaining a divorce, acquired a domicil in that State, and lived in Chicago until 1894 or 1895. On November 27, 1891, he filed a libel for divorce in Cook County, Illinois, against his wife alleging desertion. The laws of Illinois permit the granting of a divorce for desertion for two years instead of three as in Massachusetts. The libel represents " that the said Ella M. Parmelee . . . on, to wit, the fall of the year 1889, wilfully deserted and absented herself from your orator without any reasonable cause for the space of two years." " All the technical requirements of the Illinois law were complied with by the libellant," but the wife never received actual notice of the divorce proceedings during their continuance, and the notice sent to her by mail in accordance with Illinois law was addressed to her at " 15 Chester Park St., Boston," where she and her husband had never lived, her husband having reason to believe that she lived in New York, as was the fact, and making no effort to ascertain her address. A divorce was granted on June 7, 1892, after a hearing upon depositions and the testimony of the testator. In these circumstances and by reason of the domicil of the testator within the State of Illinois, the court of Illinois had jurisdiction to grant the divorce which would be valid in the State of Illinois until impeached and revoked by the

courts of that State; although the court granting the divorce could not properly have granted it if the wife had appeared and set up in answer, or otherwise properly pleaded in bar, the decree of the Probate Court of Massachusetts. U. S. Const. art. 4, § 1. *Miller* v. *Miller*, 150 Mass. 111. *Watts* v. *Watts*, 160 Mass. 464. *Harding* v. *Harding*, 198 U. S. 317. *Kelly* v. *Kelly*, 118 Va. 376.

The court of Illinois not having matrimonial jurisdiction and not having jurisdiction of both parties, could not make a decree which would fall within the full faith and credit clause of the Constitution of the United States; *Atherton* v. *Atherton*, 181 U. S. 155; *Haddock* v. *Haddock*, 201 U. S. 562; *Thompson* v. *Thompson*, 226 U. S. 551; but other States if they see fit, on principles of comity may recognize a foreign decree of divorce when such decree has no extraterritorial force by reason of art. 4 of the Constitution of the United States. *Haddock* v. *Haddock, supra. Perkins* v. *Perkins*, 225 Mass. 82.

Although the wife never received legal notice of the divorce proceedings in Illinois, a rumor reached her in New York, where she had resided since the separation in 1888 and apparently had acquired a domicil, that her husband was seeking a divorce in Illinois. "If the date is correct, it would appear that the proceedings were still pending." In 1892 she wrote to Chicago, and ascertained the fact of the decree and the charge contained in the evidence that she had deserted her husband because "she was infatuated with a doctor." She consulted counsel, who told her "it would cost a great deal of money for her to go to Chicago . . . to bring it up again; and he said the law freed me from Mr. Parmelee, and I considered myself free." She continued to live in New York, and in 1893 married there one George S. Allen, a resident of Boston but a Canadian by birth; they lived together in New York until 1895, when they returned to Boston. In 1899 Allen left the petitioner and went to the Yukon, where, so far as appears, he is still living; and eight years ago his address was Whitehorse, Yukon. There is an express finding of fact that the petitioner married Allen on the strength of the Illinois divorce.

The judge ruled that "although the Illinois court had no jurisdiction of the parties in that it acquired no jurisdiction of the libellee . . . and that though the libellant may have imposed on the Illinois court in his presentment of facts relative to the causes

of separation, the petitioner having with full knowledge of the Illinois divorce record married again in reliance on said divorce a man who so far as known is still living, and having taken no steps for over twenty-five years to assert her marital rights against the testator or to claim that he is her husband, is debarred, now that he is dead, from claiming his estate as his widow." This ruling is supported by the authorities, which are many and practically unanimous in favor of the proposition that a remarriage with knowledge of the facts estops the party entering into it from denying the validity of the previous divorce. *Chapman* v. *Chapman*, 224 Mass. 427, and cases collected. It results that the decree must be affirmed.

<div align="right">

*Decree accordingly.*