## CIRCUIT COURT OF WARREN COUNTY

Robert L. Wine,

v.

Carol A. Brunty,
Commissioner of Social Services, and
Division of Child Support Enforcement
ex rel. Patricia (Kemp) Wine

February 6, 1996

Case No. (Chancery) 95-128

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the Father's Petition to enjoin the enforcement of a Washington State support order for his stepchildren by a former marriage under the Uniform Interstate Family Support Act. Upon consideration of the arguments of counsel, the Court has made the following decision to deny the petition for an injunction.

### I. *Statement of Material Facts*

The following facts are not in dispute.

The Plaintiff ("Step-father") was an enlisted serviceman in the U.S. Army, stationed in Washington State. While in Washington, the step-father married Patricia Howard Kemp ("Mother") on February 12, 1993. At the time of the marriage, Patricia Kemp was the custodial parent of four children by previous relationships, none of whom were adopted by the Plaintiff during the marriage.

The Plaintiff and Patricia Kemp Wine separated several times during the marriage. The last separation occurred in the Spring of 1994, and on June

15, 1994, the Plaintiff left Washington State and reestablished his residence in the Commonwealth of Virginia.

On January 25, 1995, pursuant to Washington law, the Washington child support agency, the Department of Social and Health Services Support Enforcement Division, entered a Notice and Finding of Financial Responsibility which obligated the step-father to pay support for his four step-children. The Washington Department of Social and Health Services, Support Enforcement Division is Washington's equivalent of the Division of Child Support Enforcement ("DCSE") and is vested with administrative authority to issue legally binding administrative orders of support.

Washington's administrative support order obligated the step-father to pay $362.00 per month current support ($133.00 per child per month) and obligated the step-father to pay a debt to the State of Washington for past-due child support. The step-father received a copy of the Washington administrative support order by certified mail, return receipt delivered, on January 31, 1995, and the notice stated that he was financially responsible for the support his Wife's children and that his "past due" obligation totaled $2,837.66. The step-father did not appeal the administrative order in Washington.

On May 3, 1995, the Virginia Division of Child Support Enforcement received a petition from Washington pursuant to UIFSA requesting that Virginia initiate a wage withholding for the purposes of enforcing the Washington Administrative Support Order. This interstate petition requested that DCSE initiate income withholding and collection of arrearage pursuant to UIFSA. Washington attached a copy of their Notice and Finding of Financial Responsibility which is the equivalent of an administrative support order. Washington asserted a current support obligation of $362.00 per month existed. In addition, Washington claimed an arrearage due for public assistance paid in the amount of $3552.78 for the period from January 25, 1995, through April 20, 1995.

Pursuant to the request from Washington, and under the administrative authority granted by the Virginia legislature, DCSE implemented a wage withholding to the step-father's employer, requiring that the father's employer forward $268.50 semi-monthly, or 50% of the step-father's disposable earnings, whichever is less. On June 20, 1995, the Plaintiff's employer received a payroll deduction order from the Department of Social Services Division of Child Support Enforcement for the Commonwealth of Virginia directing a deduction of $268.50 payable to the Division of Support Enforcement for the support of Plaintiff's Wife's chil-

dren. No notice or opportunity for a hearing regarding this action was provided to the Plaintiff by the Department of Social Services of the Commonwealth of Virginia on the grounds that the Plaintiff had been given notice and an opportunity for Hearing by the State of Washington, pursuant to Virginia Code § 20-88.69.

The Plaintiff obtained a Final Decree of Divorce from Patricia A. Wine on August 31, 1995, which terminated his liability for the support of his stepchildren under Washington State law. The Department of Social Services for the Commonwealth of Virginia continues to collect the accumulated "arrearage" under the Washington order from Plaintiff's payroll by Administrative Order.

As a result of the administrative action of wage withholding by the Division of Child Support Enforcement, the step-father filed a petition for an injunction against the DCSE wage deduction order, which is the suit now before the Court, by which the step-father seeks to have the Court enjoin DCSE from "demanding or accepting further deductions" from the step-father's wages and directing the Commissioner of Social Services to "refund all sums previously deducted" from the step-father's wages by DCSE's administrative wage withholding order.

## II. Conclusions of Law

The Full Faith and Credit Clause of the United States Constitution requires that the courts of one state must give the judgment of another state the same effect as it has in the state where it was rendered. Therefore, if the judgment was conclusive in the state where it was pronounced, it is equally conclusive on the courts of other states in the United States. See *Kelly v. Kelly*, 118 Va. 376, 87 S.E. 567 (1916).

Congress has recently enacted the Full Faith and Credit for Child Support Orders Act ("FFCCSOA"), to enable and compel states to enforce Orders from states whose law differs from its own. In FFCCSOA, Congress acknowledged that laws governing states in child support matters are not uniform. 28 U.S.C. § 1738B(2)(a)(2). However, it clearly intends for each state to honor the terms of another state's lawful decree and instructs tribunals of all states that they "*shall enforce according to its terms* a child support order made consistently with this section by a court of another state." 28 U.S.C. § 1738B(3)(a)(1) (emphasis supplied.) FFCCSOA broadly defines a "child" as follows:

(A) a person under 18 years of age; and (B) a person 18 or more years of age with respect to whom a child support order has been issued pursuant to the laws of a State.

28 U.S.C. § 1738B(3)(b).

Step-child support obligations are established by statute in the State of Washington. RCW 26.16.205. The legality of step-parent liability for step-children has been affirmed by the Washington courts. *See Washington State Organization of Step-parents v. Smith*, 85 Wash. 2d 564, 526 P.2d 1202 (1975).

Washington State has adopted UIFSA and essentially has the same law as Virginia has regarding interstate child support proceedings. RCW 26.18 *et seq.* Washington has clearly established a duty of support for step-children by the step-parent, and Washington's code specifically defines "dependant child" as "any child for whom a duty of support has been established or for whom duty of support is owed." RCW 26.18.020(1). Since Washington law expressly provides that a step-parent has a duty to support his step-children, the statutory definition of "dependent child" includes "step-children" for the purposes of enforcing its child support orders.

Under Virginia's enactment of UIFSA, the term "Child" is defined as "an individual alleged to be owed a duty of support by the individual's parent or *who is alleged to be the beneficiary of a support order directed to the parent*." Va. Code § 20-88.32. Virginia Code § 20-88.39(D) specifically states that "a tribunal of this Commonwealth shall recognize the continuing exclusive jurisdiction of the tribunal of another state which has issued a child support order pursuant to a law substantially similar to this chapter." Therefore, the Commonwealth of Virginia has a duty to recognize the January 1995, Notice and Finding of Financial Responsibility of the State of Washington.

Comparing the language used by the Virginia Legislature in codifying the UIFSA with the UIFSA statute enacted by Washington, the two UIFSA statutes are "substantially similar." Virginia Code § 20-88.69 specifically states that "the law of the issuing state governs the *nature, extent*, amount and duration of current support payments and *other obligations of support* and the payment of arrearages under the order." (Emphasis supplied.) Therefore, under both Virginia law and the Full Faith and Credit for Child Support Orders Act, 28 U.S.C. § 1738B (1994), Virginia is required to give full faith and credit to the Washington Administrative Support Order and enforce that order, even though the Washington order requires a child

support payment that could never be ordered initially under Virginia law. This is no different than enforcing the support order of state that requires child support until the child reaches age twenty-one.

The duties of Virginia as the responding state in a UIFSA action are clearly set forth and statutorily limited under § 20-88.48. DCSE is a responding tribunal as defined in Va. Code § 20-88.33. When DCSE received Washington's UIFSA request for enforcement of its support order, it responded by issuing an income withholding pursuant to its statutory authority in Va. Code § 20-88.48(B)(3). Therefore, the wage withholding issued by DCSE is valid and enforceable.

The Washington State long-arm statute, codified in the Revised Code of Washington, RCW 26.21-075, provides that Washington may exercise personal jurisdiction over non-resident individuals pursuant to its long-arm statute if the individual resided with the child in this state. RCW 26.21-075(3). Washington exercised valid *in personam* jurisdiction over the step-father; therefore, the administrative support order issued by the Washington agency, which was properly served on the step-father and never appealed, is a valid and enforceable order. Accordingly, under Virginia law and both the Uniform Interstate Enforcement of Support Acts of both states and the Full Faith and Credit for Child Support Orders Act, this Court must uphold the wage withholding lawfully issued by DCSE to enforce the Washington Administrative Order of Support in this case.

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that the Plaintiff's Petition for Injunction and Refund of his Wages is denied, and this case is dismissed, with prejudice.