In the Matter of Dean Carl YOUNG-STRAND and Kathleen Riesz Youngstrand, Debtors.

Ronald K. RIESZ and Shirley Riesz, Plaintiffs,

v.

Dean Carl YOUNGSTRAND and Kathleen Riesz Youngstrand, Defendants.

Bankruptcy No. 81–00032.
Adv. No. 81–0074.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Dec. 16, 1981.

Neil C. Spector, Tampa, Fla., for plaintiffs.

M. Jay Lancer, Sarasota, Fla., for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding. The matter under consideration is the dischargeability, vel non, of an admitted debt evidenced by a judgment entered prior to the commencement of the bankruptcy proceeding, against Dean Carl Youngstrand and Kathleen Riesz Youngstrand, the Debtors involved in a Chapter 7 proceeding, and in favor of Ronald K. Riesz and Shirley Riesz, the Plaintiffs who instituted this adversary proceeding. The claim of non-dischargeability is based on § 523(a)(6) of the Bankruptcy Code and, according to the complaint, the liability of the Debtors, evidenced by a state court judgment is based on fraudulent and malicious conversion of properties of the Plaintiff, thus outside the overall protective provisions of the general bankruptcy discharge. The matter under consideration is a Motion for Summary Judgment filed by the Plaintiffs who contend that there are no genuine issues of material fact and that this Court should resolve the controversy without the necessity of trial. In order to put this controversy in the proper focus, a brief summary of the facts as apparent from the record is necessary.

The complaint filed by the Plaintiffs in state court, alleged that the Defendants desired to enter the glass and aluminum construction business. Lacking the necessary starting capital, the Defendants entered into an oral agreement with the Plaintiffs, whereby the latter agreed to furnish the necessary funds for the business. Each time the Defendants obtained a construction job, the Plaintiffs would advance an amount equal to the contract price, less a discount. Upon completion, Defendants were to collect the monies and pay the Plaintiffs. The complaint further alleged that the monies were collected and converted to the Defendants' own use.

Subsequent to the filing of this complaint, the state court entered an order granting Plaintiffs' Motion to Amend Count II of the complaint to include an allegation that the Defendants "fraudulently and maliciously" converted the monies collected under the contracts to their own use. Thereafter, the Defendants, not wanting to incur and being unable to pay the attorney fees to defend the state court litigation, entered into a stipulation with the Plaintiffs. Under the terms of the stipulation, the Defendants agreed to the entry of a judgment against them in the amount of $43,023.23 on the second count of the complaint. The record also reveals that the parties entered into this stipulation with the advice and consent of their respective counsel. Based upon this stipulation, the state court entered its judgment on January 30, 1980.

The Plaintiffs contend that the state court judgment is conclusive and bars relitigation in this court of the issues involved in the state court litigation, citing *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). In opposition, the Debtors argue that this Court should look behind the state court judgment to determine the true character of the liability and make an independent determination of the dischargeability, vel non, of the debt represented by the state court judgment.

There is no doubt that the determination of dischargeability represented by the judgment is exclusively within the competence of the Bankruptcy Court and neither the doctrine of res judicata nor the doctrine of collateral estoppel prevents this court from determining the dischargeability of the debt. *Brown v. Felsen, supra.* Although the state court judgment is recognized and accepted as a determination of the liability of the Defendants, it does not operate as a binding and conclusive determination of the dischargeability, vel non, of the liability represented by the judgment. There is no doubt that the bankruptcy court has the exclusive jurisdiction to make that

legal determination based on the facts involved in the case. Where the factual issues needed to determine the dischargeability are also necessary to the state court determination, and all the requirements of collateral estoppel are met, collateral estoppel should preclude relitigation of factual issues. *Spilman v. Harley*, 656 F.2d 224, 24 C.B.C. 463 (6th Cir. 1981); *In the Matter of Ross*, 602 F.2d 604 (3d Cir. 1979); *Merrill v. Walter E. Heller & Co. (In the Matter of Merrill)*, 594 F.2d 1064 (5th Cir. 1979). Cf. *Gregg v. Rahm (In re Rahm)*, 641 F.2d 755 (9th Cir. 1981).

Collateral estoppel requires that the precise issues in the latter proceeding have been raised in the prior proceeding, that the issues actually were litigated in the prior proceeding, and that the determination of those issues was necessary to the decision of that court. *Ross, supra; Merrill, supra.* In addition, the state court proceeding must determine the issues using standards identical to those applicable to dischargeability proceedings. *Spilman, supra.* If any of these requirements are not satisfied, then collateral estoppel does not bar litigation of the issues bearing on the question of dischargeability in the bankruptcy court. Before the application of the doctrine is determined, the bankruptcy court should look to the entire record of the prior proceeding, not just the judgment. *Spilman, supra; Ross, supra.*

Furthermore, res judicata does not preclude the bankruptcy court from consideration of extrinsic evidence on an issue which would have been litigated in the prior state court proceeding, but actually was not. In *Brown v. Felsen, supra*, the Supreme Court, recognizing the exclusive jurisdiction of the bankruptcy court, rejected the doctrine of res judicata in a dischargeability proceeding. *Spilman, supra.*

In the matter under consideration, the issues of fraudulent and malicious conversion alleged in the complaint were not litigated in the prior state court proceeding, since the case was settled by stipulation. In light of this fact, this Court is not collaterally estopped to litigate those issues. Neither does res judicata apply. Accordingly, this Court is satisfied that there remains to be litigated genuine issues of material fact germane to the issue of dischargeability of the debt. Therefore, the Plaintiffs are not entitled to a summary judgment of the character of the liability, and more importantly, the dischargeability, vel non, of the liability.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment be, and the same hereby is, denied.