In re Jack AUSTIN, Debtor.

Gerald BALBIRER and Norman Brainen, Plaintiffs,

v.

Jack AUSTIN, Defendant.

B.J. APPAREL CORP., Plaintiff,

v.

Jack AUSTIN, Defendant.

Bankruptcy No. 82–01148–BKC–TCB.

Adv. Nos. 82–0868–BKC–TCB–A, 82–1015–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Nov. 29, 1982.

Louis Phillips, Miami, Fla., for debtor/defendant.

Alan T. Dimond, Steven Goldsmith, Miami, Fla., for plaintiffs.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

In Case No. 82–0868, the plaintiff individual creditors seek judgment against the debtor for damages in an unspecified amount for slander and business interference and exception of that judgment from discharge under 11 U.S.C. § 523(a)(6).

In Case No. 82–1015, the plaintiff corporate creditor seeks judgment against the debtor for $500,000 damages for fraud incident to its 1978 purchase from the debtor of stock in three corporations and it prays exception from discharge of that judgment under § 523(a)(2)(A) and (B). In count 3, plaintiff also alleges the same cause of action pursued in Case No. 82–0868. In count 4, plaintiff prays for relief under § 362(d) statutory bankruptcy stay in order to enforce a mortgage against the debtor's homestead. The mortgage was given as security in connection with the 1978 stock purchases. The corporate plaintiff in this action is owned and controlled by the individual plaintiffs in Case No. 82–0868.

The debtor has answered asserting an affirmative defense. By stipulation, the two adversary proceedings were tried upon a single combined record on November 9.

A threshold question is presented by the debtor's affirmative defense: that this action is barred by an Illinois Agreed Order of Dismissal entered September 19, 1980 which dismissed with prejudice an action by Austin's Rack, Inc. against the debtor and a third party. That action sought damages for the same alleged slander and the same alleged fraud incident to plaintiff's 1978 purchase which is asserted in these two actions. Austin's Rack was then a wholly owned subsidiary of the plaintiff corporation and under the control of the individual plaintiffs in Case No. 82–0868. The judgment recites that it was consented to by the parties and recites that "all matters in controversy have been settled by agreement of the parties." It is signed by attorneys admittedly authorized to represent the parties in that matter. Plaintiff knew two years ago that this matter has been dismissed, but professes that he did not know until now that it had been dismissed with prejudice. I consider his lack of knowledge immaterial in this instance.

 The Illinois judgment collaterally estops both plaintiffs from asserting the claim at issue here. *Harding v. Harding,* 198 U.S. 317, 25 S.Ct. 679, 49 L.Ed. 1066 (1905); compare *Matter of Merrill.* 5 Cir. 1979, 594 F.2d 1064. The fact that the judgment was by consent upon a settlement does not deprive the judgment of its effect as collateral estoppel as to matters at issue in the suit, if the intent of the parties to settle those issues is clear and if the parties had an incentive to prevail on those issues there equal to their incentive now. Compare *Sorenson v. Raymond,* 5 Cir. 532 F.2d 496; *Anderson, Clayton & Co. v. United States,* 5 Cir.1977, 562 F.2d 972, *rehearing denied* 565 F.2d 1215.

 It is argued by plaintiffs that a subsequent Florida judgment obtained on May 28, 1981 by Austin's Rack, Inc. against Jack Austin, the debtor, supersedes and nullifies the effect of the Illinois judgment. In the Florida litigation, the debtor sued plaintiff's subsidiary for damages due to the alleged wrongful termination of his employment contract. The action was defended on the ground that he had slandered his employer and the members of its board of directors and because he had committed fraud incident to the plaintiff's 1978 purchase, the same charges which were the basis of the action for money damages in Illinois and are the basis of plaintiff's claim here. The trial court dismissed the action.

The Florida court of appeal reversed, holding that the manifest weight of the uncontradicted evidence at trial was that Austin had made the false warranties and representations alleged. *Austin's Rack, Inc. v. Austin,* Fla.App.1981, 396 So.2d 1161, 1163 *cert. denied* 402 So.2d 607. The trial court then entered judgment against Austin.

It is an established principle that when two judgments conflict, the last in point of time is the one which controls. *Garden Suburbs Golf & Country Club v. Murrell,* 5 Cir.1950, 180 F.2d 435, 436. However, that principle is not applicable in this instance. The Illinois and Florida judgments are not in irreconcilable conflict. The Illinois judgment memorializes an accord and satisfac-

tion of the money claims asserted here, the money claims for Jack Austin's slander and fraud.[1] The subsequent Florida judgment merely establishes that Jack Austin was indeed guilty of the slander and fraud charged against him. If, as is established by the Illinois judgment, the damage claim for those torts has been settled and paid, the subsequent proof of the torts is immaterial to the issues presented here.

It must follow, therefore, that the plaintiffs in the two cases pending here are estopped from asserting damage claims for Jack Austin's 1978 slander, business interference, false warranties and representations. This determination disposes of the cause of action in Case No. 82–0868 and the first three counts in Case No. 82–1015.

In the remaining count, B.J. Apparel Corp. requests modification of the statutory stay under 11 U.S.C. § 362(d) to foreclose a mortgage given to secure and guarantee Austin's promises, representations and obligations. Because those claims are satisfied and discharged, B.J. Apparel has no cause of action on the mortgage and no basis for relief from the stay.

As is required by B.R. 921(a), separate judgments will be entered dismissing each of these adversary proceedings with prejudice. Costs may be taxed on motion.

---

1. Although neither the individual plaintiffs nor the corporate plaintiff in this court were parties to that action, they were in privity with Austin's Rack, Inc., the Illinois plaintiff, as both parties have argued here. They are, therefore, collaterally estopped by that judgment. *Mon-* *tana v. United States,* 440 U.S. 147, 153–154, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Southern Airlines Co. v. Texas International Airlines,* 5 Cir.1977, 546 F.2d 84, 95 *cert. denied* 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93.