In re Jack AUSTIN, Debtor.

Gerald BALBIRER and Norman Brainin, Plaintiffs,

v.

Jack AUSTIN, Defendant.

B.J. APPAREL CORP., Plaintiff,

v.

Jack AUSTIN, Defendant.

Bankruptcy No. 82–01148–BKC–TCB.

Adv. Nos. 82–0868–BKC–TCB–A, 82–1015–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Jan. 3, 1983.

---

Steven Goldsmith, Miami, Fla., for plaintiffs.

Louis Phillips, Miami, Fla., for debtor/defendant.

## ORDER DENYING NEW TRIAL

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiffs' motion for new trial (C.P. No. 16) was heard on December 27. It is denied.

The motion, sixteen pages with attachments, is accompanied by a memorandum, 78 pages with attachments. Most of movants' argument assumes matters not produced at trial. Movants seek a new trial in order to present this "newly discovered evidence". The proffered evidence includes court records which have been in existence since 1980 in litigation in which the plaintiffs were parties or privies, and the testimony of plaintiffs' attorneys. Movants' excuse for not presenting this material at trial is that they were not aware of the Illinois Agreed Order of Dismissal entered September 19, 1980 which was the basis of this court's Judgment (C.P. Nos. 10, 11) against movants until the day before trial and that they were unable to obtain court records in time for trial.

■ However, movants did not seek a continuance at the trial on this or any other ground. Movants apparently elected to seek a judgment in this court based upon a subsequent Florida judgment obtained by them against the debtor. I do not believe that B.R. 759 (which incorporates Rule 59, Fed.R.Civ.P.) permits a litigant to gamble and lose in this manner and then demand a new trial on the ground of newly discovered evidence, nor do I believe that movants could not have discovered the evidence they now seek to introduce had they used due diligence to do so before trial. Wright & Miller, *Federal Practice and Procedure: Civil* § 2808.

■ Movants have argued that collateral estoppel cannot rest upon a consent judgment. I disagree. In *Interdynamics, Inc. v. Firma Wolf,* 3 Cir.1981, 653 F.2d 93, 96–97, the court said:

"In the first place a consent decree, although negotiated by the parties, is a judicial act. *United States v. Swift and Co.* 286 U.S. 106 [52 S.Ct. 460, 76 L.Ed. 999] (1932). Such a decree possesses the same force with regard to res judicata and collateral estoppel as a judgment entered after a trial on the merits. See generally, *Harding v. Harding,* 198 U.S. 317 [25 S.Ct. 679, 49 L.Ed. 1066] (1905); *Burgess v. Seligman,* 107 U.S. 20 [2 S.Ct. 10, 27 L.Ed. 359] (1882)."

In *Kaspar Wireworks, Inc., v. Leco Engineering & Machine, Inc.,* 5 Cir.1978, 575 F.2d 530, 534, 540, the court said:

"In a conventional suit for common law or equitable relief: It is clear that a stipulation of dismissal with prejudice, or, for that matter, a dismissal with prejudice at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action. (Authorities cited)."

.    .    .    .    .

"Thus, when determining the effect to be given a decree entered by consent of the parties, consideration is to be given to their intention with respect to the finality to be accorded the decree as reflected by the record and the words of their agreement."

I understand the rule in this Circuit to be that estoppel by judgment may be predicated upon a consent judgment, if it appears from the record before the court that the judgment was intended to preclude relitigation of the issue in question. The Illinois Agreed Order of Dismissal in question here dismissed with prejudice an action upon the same money damages claims asserted as a claim in this court. There was no other evidence in the record before me in conflict with the recital in the judgment that:

"All matters in controversy have been settled by agreement of the parties."

Upon this record I found that the parties had settled and, therefore, extinguished the claim presently asserted in the litigation in this court. It is clear from that record that the parties intended that judgment to preclude relitigation of that issue.

The litigation in this court asserts the same claim, seeks a money judgment for those same damages and seeks a declaration that this claim is expected from discharge under 11 U.S.C. § 523(a)(2). Of course, if the claim has been satisfied or extinguished, there is no cause to determine its dischargeability. Therefore, the Illinois judgment precludes completely the actions pending in this court.

Because the issue of dischargeability is rendered moot by the extinction of the plaintiffs' claims, the holding in *Brown v. Felson*, 442 U.S. 127, 138, 99 S.Ct. 2205, 2212, 60 L.Ed.2d 767 (1979), has no application here. In that case, the court said:

"we hold that the bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of respondent's debt."

Similarly, the holding in *Matter of Youngstrand*, Bkrtcy.M.D.Fla.1981, 16 B.R. 238, 240, which is relied upon by movants, is not applicable.

The other points urged by movants do not, it seems to me, merit further comment.

DONE and ORDERED at Miami, Florida, this 3rd day of January, 1983.