**In re Robert E. TAYLOR, Debtor.**

**UNITED STATES of America, Plaintiff,**

**v.**

**Robert E. TAYLOR, Defendant.**

**Bankruptcy No. IP90–10384–RWV–7.**
**Adv. No. 91–97.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Aug. 8, 1991.

Richard B. Gonon, Indianapolis, Ind., for debtor.

Jill E. Zengler, Asst. U.S. Atty., Indianapolis, Ind., for the U.S.

ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR ATTORNEY FEES, AND ORDER OF DISMISSAL

RICHARD W. VANDIVIER, Bankruptcy Judge.

This matter comes before the Court on the Combined Motion to Dismiss Adversary Proceeding and for Attorney Fees ("the Motion to Dismiss" and "the Motion for Attorney Fees") filed on April 16, 1991, by the Debtor. The Court now grants the Motion to Dismiss, denies the Motion for Attorney Fees, and orders this proceeding dismissed with prejudice for the reasons below.

*The Pleadings.* On March 12, 1991, the United States initiated this adversary proceeding by filing a complaint seeking to have a debt declared nondischargeable. The United States alleges that in late 1975,

the Debtor received Veterans educational benefits of $1183.40 to which he was not entitled because he was no longer a student. The United States asserts that the debt is nondischargeable as one procured by fraud, *see* 11 U.S.C. section 523(a)(2), and one resulting from willful and malicious conversion, *see* 11 U.S.C. section 523(a)(6).

In his memo supporting his Motion to Dismiss, the Debtor asserts that the six year statute of limitations, under 11 U.S.C. section 2415(b), for the United States to bring a fraud or conversion action against the Debtor expired in October 1981, that the United States brought no action against the Debtor until 1983, and that its attempt to establish nondischargeability on the basis of fraud or conversion is time-barred. The Debtor contended that the United States' action was unjustified, entitling the Debtor to attorney fees under 11 U.S.C. section 523(d).

The United States filed a response on May 9, 1991, ("the Response") stating that it brought suit on this debt on August 30, 1983, in the United States District Court for the Southern District of Indiana, Cause No. 83–1236–C, that default judgment was properly entered against the Debtor on March 21, 1985, that the Debtor failed to raise the statute of limitations as an affirmative defense in that action, and that he may not now collaterally attack the judgment in this forum. The United States further asserted that the Debtor's written acknowledgment of the debt, stamped received in January, 1985, re-started the limitations period.

In his reply, filed May 24, 1991, the Debtor asserted that the district court action sounded in contract, not fraud or tort, and that a debt resulting from mere breach of contract is dischargeable. (The parties' positions are further elaborated in the discussion below.)

 *Statutes.* Generally, actions for money damages brought by the United States founded upon any contract, express or implied, are barred unless the complaint is filed within six years after the right of action accrues; however, "in the event of later partial payment or written acknowledgment of debt," the right of action is deemed to accrue again at the time of such payment or acknowledgment. *See* 28 U.S.C. section 2415(a).

 Generally, the limitations period for actions for money damages sounding in tort brought by the United States is three years; however, some actions, including an action to recover for diversion of money paid under a grant program and an action for conversion of property of the United States, may be brought within six years after the right of action accrues. *See* 28 U.S.C. section 2415(b).

 A discharge under Chapter 7 of the Bankruptcy Code does not discharge a debtor from a debt for money, property, services or credit to the extent obtained by a false representation or actual fraud. *See* 11 U.S.C. section 523(a)(2)(A). If a creditor requests a determination of nondischargeability of a consumer debt under this section and the debt is discharged, the court shall grant judgment in favor of the debtor for costs and reasonable attorney fees if the court finds that the position of the creditor was not substantially justified, unless special circumstances would make such an award unjust. *See* 11 U.S.C. section 523(d).

 A Chapter 7 discharge does not discharge a debtor from debts incurred for willful and malicious injury by the debtor to another entity or the property of another entity. *See* 11 U.S.C. section 523(a)(6). Conversion of another's property will give rise to a nondischargeable debt under 11 U.S.C. section 523(a)(6) if the conversion is willful and malicious. *See In re Cecchini*, 780 F.2d 1440 (9th Cir.1986); *In re Valentine*, 104 B.R. 67, 70 (Bankr.S.D.Ind.1988).

*Discussion.* First, the Court notes what this dispute is *not* about. The Debtor is not attempting to collaterally attack the earlier default judgment. He acknowledges that it properly established his liability to the United States. The United States is not attempting to use the default judgment to establish nondischargeability. It acknowledges that it only established the

existence and amount of the debt and that the United States must now prove that the debt is nondischargeable.

The Debtor's position is that the United States had two potential claims against him, a contract claim subject to the limitations period of section 2415(a) and a tort claim subject to the limitations period of section 2415(b). The latter claim became time-barred in 1981, six years after it accrued. When the United States brought suit in 1983, all it had left was the contract claim, which was not time barred under 28 U.S.C. section 2415(a) (presumably because of partial payments or acknowledgment of debt) and thus there was no basis for raising a statute of limitations defense in the district court action. The resulting judgment established liability only for breach of contract, not fraud or conversion, and thus, the debt is dischargeable.

The United States agrees that the relevant limitations period for its district court action was governed by 28 U.S.C. section 2415(a). It contends, and the Debtor does not dispute, that its district court action was timely, that that action established the amount of the Debtor's debt, and that the Debtor cannot not collaterally attack that determination by raising a statute of limitations defense in this adversary proceeding. The United States further contends, however, that the issue of dischargeability is within this Court's exclusive domain and that it may now, in this adversary proceeding, prove that the basis of the debt was fraud or conversion, not simple breach of contract, making the debt nondischargeable.

The district court complaint (attached as an exhibit to the United States' Response) alleged simply that the Debtor was indebted to the United States and had failed to pay the debt, referencing a Certificate of Indebtedness for further description of the debt. The Certificate of Indebtedness described the benefits in question and stated that the Veterans Administration had determined that the Debtor was not entitled to them under 38 U.S.C. section 1780. By its invocation of 28 U.S.C. section 2415(a), the United States implicitly concedes that the action sounded in contract, not tort. The United States admits at page 5 of its Response:

No allegations of fraud or conversion were raised in that lawsuit and the judgment rendered establishes only the existence of the debt owed to the United States in the amount of $1,183.40, plus interest from the date of that judgment.

The question is whether it is too late now for the United States to prove that the debt is grounded in fraud or conversion to establish nondischargeability.

■ It is well established that if a creditor with both a contract and a fraud claim obtains judgment only on the contract claim in a pre-bankruptcy action, the creditor is not estopped from asserting, when the debtor later files for bankruptcy relief, that the debt is nondischargeable. See Brown v. Felsen, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Dischargeability is not an issue in a pre-bankruptcy action to liquidate a debt. As long as the debtor is solvent, the creditor may prefer a simple contract suit to complex tort litigation. See id. at 137 n. 8, 99 S.Ct. at 212 n. 8. A creditor is not required "to engage in hypothetical litigation in an inappropriate forum" to protect its right, in a later bankruptcy, to obtain a determination of nondischargeability. See id. at 137, 99 S.Ct. at 2212.

If the United States' fraud/conversion tort claim against the Debtor were not time-barred in 1983 when it brought the district court action, Brown v. Felsen would control, mandating the conclusion that the United States is entitled to attempt to prove that the debt is nondischargeable as one incurred by fraud or willful and malicious conversion. However, the premise of Brown v. Felsen is that a creditor should be free to choose between contract and tort remedies in a debt liquidation action without waiving its rights in a future hypothetical bankruptcy. The case does not suggest that a creditor who has only a viable contract claim at the time of the debt liquidation action may later resurrect a time-barred tort claim as a basis for nondischargeability after the debtor seeks bank-

ruptcy relief. A determination of nondischargeability is a two step process. First, the claim must be established under relevant state or non-bankruptcy federal law. *See Grogan v. Garner,* ___ U.S. ___, 111 S.Ct. 654, 657–58 and n. 9, 112 L.Ed.2d 755 (1991). Only then does the federal issue of nondischargeability come into play. A creditor cannot get beyond the first step if its underlying claim fails.

The Court's research has located no case on point with this one. However, the two orders in *In re Austin,* 26 B.R. 751 (Bankr. S.D.Fla.1982) and 26 B.R. 753 (Bankr. S.D.Fla.1983), are instructive. In that case, the parties, prior to bankruptcy, had agreed to a judgment in an Illinois action dismissing with prejudice the creditors' claims, and reciting that all matters in controversy had been settled by agreement of the parties. After the debtor filed for bankruptcy relief, the creditors sought to reassert their claims and obtain a determination that the debt was nondischargeable. The court held:

> ... Of course, if the claim had been satisfied or extinguished, there is no cause to determine dischargeability. Therefore, the Illinois judgment precludes completely the actions pending in this court.
>
> Because the issue of dischargeability is rendered moot by the extinction of the plaintiffs' claims, the holding in *Brown v. Felson* [sic] ... has no application here.

26 B.R. at 755.

■ In this case, the limitations period for the United States to assert a tort claim against the Debtor expired in 1981. The United States does not contend otherwise. The tort claim was effectively extinguished by the passage of time. True, the statute of limitations is an affirmative defense that may be waived if not asserted, but so are defenses of the type involved in *Austin,* such as accord and satisfaction, payment, and release. *See* Rule 8(c) of the Federal Rules of Civil Procedure.

In 1983, the United States brought the only claim it could, a contract claim, against the Debtor. He suffered judgment on the contract claim and does not dispute its validity. Both the Debtor and the United States agree that no tort claim was asserted. The Debtor had no reason to defend, on the basis of the statute of limitations, a tort claim that was not advanced. Like creditors, debtors should not be required "to engage in hypothetical litigation in an inappropriate forum" to protect rights that will become an issue only in the event of a later bankruptcy. *See Brown v. Felsen,* 111 S.Ct. at 137.

The United States cannot now, nearly 16 years after the tort claim arose and nearly 10 years after the limitations period for the tort claim expired, raise the neglected tort issues as a basis for nondischargeability and contend that the Debtor's invocation of the statute of limitations is untimely. Such a result would be consistent with neither the purpose of statutes of repose nor with the underlying rationale of *Brown v. Felsen.* The Court concludes that the United States' tort claim against the Debtor is time-barred, and thus, its claim of nondischargeability is moot. The Debtor's Motion to Dismiss will therefore be granted.

■ Although the Debtor is entitled to dismissal of the complaint, the Court concludes that the United States' position was substantially justified, given the unsettled legal issue involved, and that the Debtor is not entitled to attorney fees and costs under 11 U.S.C. section 523(d). (The Court therefore does need to determine whether the debt in question is a "consumer debt".)

The Court therefore GRANTS the Debtor's Motion to Dismiss, DENIES the Debtor's Motion for Attorney Fees, and ORDERS this proceeding dismissed with prejudice.

SO ORDERED.