Albert F. **KALETA**, Defendant/Appellant,

v.

Boris **SOKOLOW**, Plaintiff/Appellee.

No. CV–92–A–140–N.

United States District Court, M.D. Alabama, Northern Division.

June 22, 1995.

Gatewood Walden, Montgomery, AL, for Albert F. Kaleta.

Wallace Anthony Kitchen, Columbus, GA, for Boris Sokolow.

Tom McGregor, Trustee, Crumpton, McGregor, Davis & Alley, Montgomery, AL.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

Albert F. Kaleta appeals from an order of the Bankruptcy Court of the Middle District of Alabama declaring that the debt owed by Albert F. Kaleta to Boris Sokolow was non-dischargeable in the Chapter 7 bankruptcy proceeding filed by Kaleta. Kaleta argues that the bankruptcy court erred in (1) failing to find that Sokolow's claim was barred by the statute of limitations; (2) failing to grant Kaleta's Motion to Dismiss Complaint and Plaintiff' Motion for More Definite Statement and in finding that Kaleta had engaged in fraudulent misconduct; and (3) finding that fraud in the inducement was supported by the proof in the case.

### Facts

After a trial, the bankruptcy court found the following facts:

Albert F. Kaleta formed EquifundAmerica, Ltd. ("Equifund"), a real estate limited partnership ("RELP") in 1983. He was the general partner. The partnership was to (1) buy and rent residential houses in the Columbus, Georgia area; (2) afford the partners tax advantages [1], and (3) provide the partners with an anticipated profit on the sale of value-appreciated houses. Boris Sokolow was introduced to Equifund and Kaleta by his son-in-law, Joseph Petite, a limited partner in Equifund. On December 22, 1986, Sokolow lent to Equifund $100,000, for a term of three years with interest to be paid at the rate of 14% per annum, payable quarterly. The Loan Agreement executed by Sokolow and Kaleta contained the following provision:

The money is being lent for the express purposes of paying second and/or third mortgages and for lowering the general high interest indebtedness of properties presently being owned by EquifundAmeri-

---

1. Prior to the Tax Reform Act of 1986, RELPs were extremely attractive investments because they served as great tax shelters. However, the Tax Reform Act of 1986 greatly diminished the benefits available to the investors of the RELP.

ca, Ltd., and that this money is to be used for none other than its intended purposes.

Paying the second and third mortgages and other high interest debt would have increased Equifund's equity in the properties, and therefore made Sokolow's and other investors' investment in Equifund more secure.

The money was deposited in Equifund's general account. It was not used for the express purposes recited in the Loan Agreement, and Kaleta never intended to use the money exclusively for such purposes. Instead, Kaleta, the general partner of Equifund, used it to pay operating expenses of Equifund. The RELP eventually failed. Since Kaleta was the general partner of Equifund, he was personally liable to the creditors of Equifund.

None of the principal has been repaid on the loan, and the unpaid loan balance of $100,000, with interest, is past due.

## Proceedings Below

Kaleta filed a Chapter 7 bankruptcy petition on July 23, 1990. The first meeting of creditors was held on September 7, 1990. On November 6, 1990, Sokolow filed an objection to the discharge of his loan in Kaleta's bankruptcy proceeding on the basis that Kaleta caused him to lend the $100,000 by use of false pretenses and fraud. The bankruptcy court entered an order on September 26, 1991 declaring that the debt owed Sokolow was nondischargeable because it was obtained through a misrepresentation in violation of 11 U.S.C. § 523(a)(2)(A).[2]

## Discussion

### I. Statute of Limitations

Kaleta asserts that the bankruptcy court erred in failing to find Sokolow's claim barred by the statute of limitations. The question of whether the claim was barred by the statute of limitations is a question of law, and it is reviewed *de novo*. *See, In re McKendry*, 40 F.3d 331 (10th Cir.1994).

Kaleta contends that Sokolow's claims are barred by Alabama's two-year fraud statute of limitations since Sokolow knew or should have known of the alleged fraud upon which he bases his claim of nondischargeability more than two years before he filed his claim. *See Ala.Code*, §§ 6–2–38 and 6–2–3 (1975)[3]. However, the bankruptcy court held that the two-year fraud statute of limitations was not applicable because Kaleta's debt was the contractual liability of Kaleta under the Loan Agreement to repay the $100,000. Since Sokolow's claim was based on a breach of contract, the applicable statute of limitations was Alabama's six-year contract statute of limitations. *See Ala.Code*, § 6–2–34[4], rather than the two-year limitation for fraud.

Although some bankruptcy courts have held contrary to the bankruptcy court in this case and have applied state statutes of limitations for fraud claims to questions of dischargeability arising under § 523(a)(2)(A) and have held that nondischargeability claims based on allegations of false pretenses, false representations, or actual fraud must be filed within the time prescribed by state statutes

---

**2.** 11 U.S.C. § 523(a)(2)(A) provides:

§ 523. **Exceptions to discharge**
(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; ...

**3.** *Ala.Code*, § 6–2–38 provides in relevant part:

**Commencement of actions—Two years.**
(*l*) All actions for any injury to the person or rights of another not arising from contract and

not specifically enumerated in this section must be brought within two years.
*Ala.Code*, § 6–2–3 provides:
**Accrual of claim—Fraud.**
In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action.

**4.** *Ala.Code*, § 6–2–34 provides in relevant part:
**Commencement of actions—Six years.**
The following must be commenced within six years:

.    .    .    .    .

(9) Actions upon any simple contract or speciality not specifically enumerated in this section.

of limitations for fraud actions,[5] the holding by the bankruptcy court here is supported by a recent decision by the Tenth Circuit Court of Appeals. In *In re McKendry*, 40 F.3d 331, 336 (10th Cir.1994), the court held that the only limitations period applicable to the issue of dischargeability was the requirement of Bankruptcy Rule 4007(c) that "(a) complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." In stating the appropriate way for determining issues of limitations, the Tenth Circuit said:

> We likewise find two distinct issues in a nondischargeability proceeding. The first, the establishment of the debt itself, is governed by the state statute of limitations—if suit is not brought within the time period allotted under state law, the debt cannot be established. However, the question of the dischargeability of the debt under the Bankruptcy Code is a distinct issue governed solely by the limitations period established by bankruptcy law. In this case, the debt has already been established, so the state statute of limitations is immaterial. The only applicable limitations period is the 60–day period provided by § 523(c).

*Id.* at 336.

In this case, as to the debt itself, the bankruptcy court applied the six-year state statute of limitations for a contract action and found that Kaleta would be liable for the unpaid loan balance and interest. The court did not establish the debt itself as a debt for fraud based upon damages available in a fraud action. Therefore, it was established that a contract claim was not barred by the state statute of limitations. Since the complaint for a determination of dischargeability was filed within the 60–day period provided by Rule 4007(c) for § 523 claims, the reasoning in *McKendry* would hold that the claim was not barred by the statute of limitations.

■ This court agrees with the bankruptcy court on this issue and feels that the Eleventh Circuit, if presented with the issue, will agree with the Tenth Circuit opinion in *In re McKendry*. Accordingly, the court holds that a claim objecting to dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A) is not governed by the state statute of limitations for fraud actions, that Sokolow's dischargeability claim is not barred by the statute of limitations, and that the bankruptcy court is due to be affirmed on this issue.

## II. Motion to Dismiss and Motion for More Definite Statement

The court finds that the bankruptcy court was well within its discretionary authority in its rulings in this regard and that its rulings do not constitute error.

## III. Sufficiency of the Evidence

■ The bankruptcy court found as a fact that the loan from Sokolow was fraudulently procured by Kaleta, applied the requirements of § 523(a)(2) for denying dischargeability, and held that the contract debt was nondischargeable.

■ A district court reviews the bankruptcy court's factual findings under the limited and deferential clearly erroneous standard. *In re Club Associates*, 951 F.2d 1223, 1228 (11th Cir.1992); *Fed.R.Bankr.P. 8013*. Applying that standard of review, the court finds that there was ample evidence to support the bankruptcy court's factual findings and that the findings were not clearly erroneous. In view of the factual findings, the court agrees with the bankruptcy court's conclusion that Kaleta's contractual indebtedness to Sokolow is nondischargeable. Therefore, the bankruptcy court is due to be affirmed on this issue.

## CONCLUSION

For the reasons given above, it is hereby

ORDERED that the Final Judgment Declaring Debt Nondischargeable, entered by the bankruptcy court on September 26, 1991,

5. E.g., *In re Pascucci*, 90 B.R. 438 (Bankr. C.D.Cal.1988), *In re Taylor*, 137 B.R. 925 (Bankr. S.D.Ind.1991).

is AFFIRMED. Costs are taxed against appellant.